

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 19, 1967

Honorable John L. Hill
Secretary of State
Office of the Secretary
  of State
Austin, Texas  78711

Opinion No. M-150

Re: Whether a corporate purpose
clause providing for the preparation
of federal and state income tax
returns or providing for assistance
in the preparation of federal and
state income tax returns constitutes
a purpose of practicing the law
and/or accounting.

Dear Mr. Hill:

You have requested our opinion as to whether a corporate
purpose clause providing for the preparation of federal and
state income tax returns, or providing for assistance in the
preparation of federal and state income tax returns constitutes
a purpose of practicing the law and/or accounting.

Attorney General's Opinion No. 0-5086 states that ". . .
'the service rendered by a layman . . . in advising and assist-
ing the public generally in preparing income tax returns . . .'
is in violation of the practice of law act."  Article 430a,
Section 2, Vernon's Penal Code, 1933, on which the above
opinion was based, was repealed in 1949, and at present there
is no Texas statutory definition of "the practice of law."

Article 320a-1, Section 3, Vernon's Annotated Civil Statutes
(State Bar Act) provides that ". . . all persons not members
of the State Bar are hereby prohibited from practicing law in
this State."

Article 41a, V.C.S., Section 10(c), provides in part as
follows:

"Provided, however, that no corporation may
hereafter be created for the purpose of engaging in
the practice of public accountancy within this state
after the effective date of this Act.  No corporate
charters or corporate permits shall be renewed one
(1) year after the effective date of this Act."

The words "public accountancy" were formerly limited by
the statutory definition in Article 41a, Section 2(a), Vernon's

Civil Statutes, 1945, to instances in which a person held himself out as a public accountant. Since the amending of the above statute, there has been no definition of "accountancy" in the Texas statutes. However, the current Article 41a does not purport to prohibit the practice of accounting except in instances where a person indicates that he is an accountant or auditor, or that he has expert knowledge in accounting or auditing. Article 41a, Section 8(g), V.C.S. Since no such facts as the above are before us, we cannot say that the purpose clause in question constitutes a purpose of practicing accounting.

While Texas courts have the power to define "the practice of law", Southern Traffic Bureau v. Thompson, 232 S.W. 2d 742, 748 (Tex. Civ. App. 1950, error ref. n.r.e.), they have not yet done so in regard to the preparation of federal or state income tax returns. There being at this time no state income tax, our consideration of the cases will necessarily involve federal income tax or other type tax returns.

The courts of other states have indicated that the preparation of federal income tax returns may or may not constitute the practice of law, depending on the facts in each case. See 9 ALR 2d 797, 805. The Supreme Judicial Court of Massachusetts has held that the preparation of simple returns in which the income consisted mainly of salaries or wages ". . . though it had to be done with some consideration of the law, did not lie wholly within the field of the practice of law." Lowell Bar Association v. Loeb, 52 N.E.2d 27, 34, 315 Mass. 176 (1943). The court refused to uphold the injunction against the above activity, though almost none of the employees of the company were either lawyers or accountants. The court limited its decision as follows:

> "Moreover, we do not decide at this time whether considering, or advising upon, questions of law only so far as they are incidental to the preparation for another of an income tax return may constitute the practice of law where the return is more complicated than were those in the case before us, and the questions of law as well as of accounting are correspondingly more difficult and important."

In Agran v. Shapiro, 273 P. 2d 619, 623,126 Cal. App. 2d Supp. 807 (1954), a suit by an accountant for compensation for preparing defendant's income tax returns, the Appellate Department, Superior Court of Los Angeles County, California,

held that an accountant could ". . . prepare federal income tax returns, except perhaps in those instances where substantial questions of law arise which may competently be determined only by a lawyer."

The following quotation is taken from the case of Gardner v. Conway, 48 N.W.2d 788, 797-798, 234 Minn. 468 (1951), which held that a layman had engaged in unauthorized practice of law in giving certain advice on matters affecting federal income taxes:

"When an accountant or other layman who is employed to prepare an income tax return is faced with difficult or doubtful questions of the interpretation or application of statutes, administrative regulations and rulings, court decisions, or general law, it is his duty to leave the determination of such questions to a lawyer."

In the case of People ex. rel. Illinois State Bar Ass'n. v. Schafer, 87 N.E. 2d 773, 776, 404 Ill. 45, (1949) the court stated:

"It would be difficult, if not impossible, to lay down a formula or definition of what constitutes the practice of law. 'Practicing law' has been defined as 'Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of such advice or rendition of such service requires the use of any degree of legal knowledge or skill'".

The court in 111 N.W.2d 543-546, 142 Neb. 645 (1961), Neb. State Bar Ass'n v. Butterfield, stated that "'practicing law' . . . is generally defined as the giving of advice or rendition of any sort of service by a person, firm, or corporation when the giving of such advice or rendition of such service requires the use of any degree or legal knowledge or skill." (Emphasis Supplied)

This case was a proceeding to secure the reinstatement of an attorney to the practice of law after the termination of a suspension order issued by that court in a disciplinary action. The court further stated:

"The respondent admits that he prepared deeds, mortgages, releases and income tax returns during the period of his suspension . . . . It seems clear to us that the doing of such work is within the province of a lawyer to do /sic 7. It is properly identified as the practice of law, whether or not it might under some circumstances be properly performed by others not admitted to the bar."

The giving of any opinion including an interpretation or the construction of a tax statute or involving the decisions thereunder, necessarily includes the practice of law. Re New York County Lawyers Ass'n., 273 App. Div. 524, 78 NYS 2d 209 (1948), 9 ALR 2d 787.

A corporation or bank or trust company is thus not permitted to prepare and file protest or claim for refund of estate or inheritance taxes, or confer with tax authorities concerning the same, unless such is based purely on mathematical or clerical errors in tax returns. Frazee v. Citizens Fidelity Bank & Trust Co., 393 S.W. 2d 778 (Ky. 1965). We think there is some analogy between the preparation of federal estate tax returns and federal income tax returns.

The effect of a clause providing for general, unlimited assistance in the preparation of returns is substantially the same as that of a clause providing for general unlimited preparation of returns, for neither clause purports to prevent the corporation from preparing all kinds of income tax returns for any person or entity. It is our opinion that many income tax returns present such complex legal problems that the mere preparation of those returns necessitates the practice of law.

The corporate purpose clause now in question is broad enough to cover the preparation of all kinds of income tax returns, regardless of the complexity and the number of legal questions arising in such preparation.

The purpose clause is required to be "fully stated". Business Corporation Act, Article 3.02, sub div. A(3). It involves the granting of the privilege of incorporation, which is a franchise. 14 Tex. Jur. 2d 140, Corporations, Sec. 18. In cases of doubt, the grant of such a franchise must be strictly construed and resolved in favor of the state or public. 25 Tex.

Jur. 2d 605, Franchises, Sec. 7; Eastern Texas Electric Co. v. Woods, 230 S.W. 498 (Tex. Civ. App. 1921, error dism.).

Indulging such construction, we hold that such a broad, unlimited purpose clause is defective and not free from doubt and the same would necessarily include the practice of law.

### S U M M A R Y

A broad and unlimited corporate purpose clause providing for the preparation of federal and state income tax returns, or providing for assistance in the preparation of federal and state income tax returns would necessarily include the practice of law.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by C. Fielding Early
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
John Grace
John Banks
Sam Kelley

A. J. Carubbi, Jr.
Staff Legal Assistant